UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JODY GUY, ET AL.                                          CIVIL ACTION

v.                                                        NO. 17-1506

TEXAS PETROLEUM INVESTMENT COMPANY                        SECTION "F"


ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the defendant's motion for summary judgment, noticed for submission on July 25, 2018, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] The plaintiffs (Jody and Jodie Guy; Travis Paul Guy and Tamatha Guy; and Wilson Guy) allege that on February 29, 2016 Jody Guy was operating (and Travis Paul Guy and Wilson Guy were riding as passengers in) his 21-foot Carolina Skiff near Catfish Lake in Lafourche Parish when, without warning, the vessel allided with a submerged underwater pipeline owned and maintained by Texas Petroleum Investment Company. Jody Guy, Travis Paul Guy, and Wilson Guy sued Texas Petroleum Investment Company to recover for their own injuries; their spouses seek to recover for loss of consortium; and the physically injured and their spouses seek to recover for

their children's resulting injuries. TPIC answered the complaint and filed a counterclaim in which it denies liability but alleges that, if it is found liable, TPIC is entitled to contribution and indemnity from Jody Guy for his negligence and the unseaworthiness of his vessel.  TPIC now moves for summary judgment, submitting that it neither owned, had custody over, nor was responsible for the placement of the particular pipe the plaintiffs' boat allegedly struck and that it owed the plaintiffs no duty to police the waters covered by its lease or to remove obstructions it does not own, has not placed there, or over which it maintains no control.  TPIC correctly articulates the standard of care imposed upon mineral lessees.  See Luke v. Hilcorp Energy Co., No. 14-1549, 2015 WL 1810786, at *1-2 (E.D. La. Apr. 20, 2015)(citing Creppel v. Shell Oil Co., 738 F.2d 699, 701 (5th Cir. 1984)).  In Creppel, where the plaintiff offered no direct proof that the object he hit belonged to or was placed in the water by Shell (a mineral lessee), the Fifth Circuit observed that it could "find no basis in federal maritime law...for assigning to Shell the duty to clear its maritime leases of all obstructions of which it has notice, regardless of whether it owns or has placed the obstructions there or maintains them."  738 F.2d at 701.

The same result is compelled on this record.  Although the plaintiffs allege that TPIC "owned and maintained" the pipe, there is no evidence in the record supporting this assertion. TPIC submits that it neither owned, had custody, nor was responsible for the placement of the pipe the plaintiffs' boat allegedly struck.  In support, TPIC offers sworn testimony from one of its field foreman, Shawn Perrin, Sr.  TPIC further submits that it possesses a mineral lease over the relevant area, but that the physical characteristics of the pipe that the plaintiffs struck was different from the pipes TPIC uses in the field.  There is simply no evidence that TPIC owned, maintained, or placed the pipe where the plaintiffs hit it. (In their depositions, the plaintiffs admit that they have no evidence to support their allegations that TPIC was responsible for the pipe).  Because the plaintiffs submit no evidence, they fail to carry their burden.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)(summary judgment is proper if the party opposing the motion fails to establish an essential element of his case.).

that the defendant's motion for summary judgment is hereby GRANTED as unopposed.  The plaintiffs' lawsuit is hereby dismissed.[2]

                New Orleans, Louisiana, July 25, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the defendant has advanced a counterclaim against *Jody Guy*; however, because the counterclaim is expressly conditioned on TPIC's liability, and there is no evidence supporting TPIC's liability, the counterclaim is also properly dismissed.